IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| SHAQUILLE HARGROVE | § | Civil Case No. 2:14-cv-254 |
| | § | |
| Plaintiff | § | |
| | § | |
| vs. | § | |
| | § | **JURY TRIAL DEMANDED** |
| P&B TRUCKING, INC. | § | |
| and DENNIS LYNN JUST | § | |
| | § | |
| Defendants | § | |
| | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

1. Plaintiff brings the following claims against Defendants:

## THE PARTIES

2. Plaintiff, Shaquille Hargrove, is an individual and a resident of Haughton, Bossier Parish, Louisiana.

3. Defendant, Dennis Lynn Just, an individual and may be served with process at Defendant's usual place of abode, 809 S. Randall, Moundridge, Kansas 67107.

4. Defendant, P&B Trucking, Inc., is a foreign corporation organized under the laws of the State of Kansas. Its principal place of business is located in the State of Kansas, 505 W. First, Newton, Kansas 67114. Said Defendant may be served through its registered agent, Richard F. Allen, 116 N. Elm Street, Newton, Kansas 67114.

## JURISDICTION AND VENUE

5. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) because this controversy is between citizens of different states. In addition, the amount in controversy is in

excess of $75,000.00 U.S.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a)(1) & (c), because Defendants are subject to personal jurisdiction in this district and are therefore "residents" of this district.

## FACTS

7. On April 5, 2012, in Harrison County, Texas, Dennis Lynn Just, was operating a 2012 Kenworth tractor-trailer owned by P&B Trucking, Inc., and traveling eastbound on I-20 in the outside lane.

8. Shaquille Hargrove was a passenger in a 2009 Chevrolet 3500 HD, operated by his co-employee, Robert Earl Faulkner, and traveling eastbound on I-20 in the outside lane.

9. All traffic had slowed due to a construction zone.

10. Dennis Lynn Just failed to control his speed and drove his tractor-trailer into the rear of the truck in which Mr. Hargrove was riding.

11. The driver of Mr. Hargrove's vehicle recognized impact was imminent and steered left at the time of impact. The vehicle was knocked into cable barriers in the median.

## CAUSES OF ACTION --- NEGLIGENCE

12. Dennis Lynn Just had a duty to exercise ordinary care and operate his tractor-trailer reasonably and prudently and to ensure the safety of other passengers on the road.

13. P&B Trucking, Inc. had a duty to entrust its truck to a trustworthy driver, and to provide proper training and supervision to its drivers to ensure the safety of other passengers on the road.

14. Dennis Lynn's conduct was negligent, reckless, and showed a conscious disregard for the safety of others.  He breached his duty of care in the following ways:

    a. Failing to timely apply the brakes;

    b. Failing to maintain a proper lookout;

    c. Failing to keep a safe distance from other traffic on an interstate;

    d. Failing to maintain proper control of P&B Trucking, Inc.'s vehicle; and

    e. Failing to turn the tractor-trailer to avoid the collision.

15. P&B Trucking, Inc.'s conduct was negligent, reckless, and showed a conscious disregard for the safety of others.  It breached its duty of care in the following ways:

    a. Failing to provide the proper training to its drivers;

    b. Failing to properly supervise its drivers; and

    c. Entrusting its vehicle to an unsafe and unqualified driver.

## ACTUAL DAMAGES

16. Dennis Lynn Just's and P&B Trucking, Inc.'s breach of duty caused injury to Mr. Hargrove, which resulted in the following damages:  lumbar spinal injuries, lower back injuries, right shoulder injuries, and right knee and leg injuries.  As a result, Plaintiff has sustained physical pain and mental anguish and will continue to do so; medical expenses in the past and future; and lost wages as well as a loss of earning capacity in the future.

17. Plaintiff seeks damages within the jurisdictional limits of this Court.

## PRE-JUDGMENT AND POST-JUDGMENT INTEREST AND COSTS

18. Plaintiff asks for pre-judgment and post-judgment interest at the maximum rate allowed by law. Plaintiff also requests cost of court.

## JURY DEMAND

19. Plaintiff demands a jury trial and tenders the appropriate fee with this Complaint.

## PRAYER FOR RELIEF

20. Plaintiff prays that the Court issue Summons for Defendants to appear and answer, and that the Court sign a final judgment against Defendants and award Plaintiff the following:

a. Actual damages within the jurisdictional limits of this Court;

b. Pre-judgment and post-judgment interest

c. Court costs.

d. All other relief to which plaintiff is entitled under the law or in equity.

Respectfully submitted,

SIMMONS, MORRIS & CARROLL, LLC

BY: *s/ Cynthia L. Carroll-Bridges*
_____
CYNTHIA L. CARROLL-BRIDGES
(#24025285)
509 Milam Street
Shreveport, Louisiana  71101
Telephone:  (318) 221-1507
Telecopier:  (318) 221-4560
ATTORNEY FOR PLAINTIFF